## STATE OF CONNECTICUT *v.* CHARLES JARZBEK
### (12868)

PETERS, C. J., SHEA, CALLAHAN, GLASS and COVELLO, Js.

Argued February 2—decision released March 14, 1989

*M. Hatcher Norris,* for the appellant (defendant).

*John M. Massameno,* assistant state's attorney, with whom, on the brief, was *John J. Kelly,* chief state's attorney, for the appellee (state).

PETERS, C. J. The dispositive issue in this appeal, after our remand in *State* v. *Jarzbek,* 204 Conn. 683,

529 A.2d 1245 (1987), cert. denied, 484 U.S. 1061, 108 S. Ct. 1017, 98 L. Ed. 2d 982 (1988) *(Jarzbek I),* is whether the state has established, by clear and convincing evidence, a compelling need to exclude the defendant, Charles Jarzbek, from the room during the videotaping of the testimony of his alleged victim, his five year old daughter. The defendant was convicted of having committed the crimes of risk of injury to or impairing the morals of a child in violation of General Statutes § 53-21 and sexual assault in the fourth degree in violation of General Statutes § 53a-73a. In his prior appeal, we concluded that the validity of this conviction depended upon the further factual findings that the trial court has now made. *Jarzbek I,* supra, 707–708. We find no error in the trial court's conclusion that the state has met its burden of proof.

The facts are fully set out in *Jarzbek I.* In order to resolve the constitutional propriety of having the minor witness testify, without a face-to-face confrontation; see U.S. Const., amends. VI and XIV; Conn. Const., art. I, § 8; about the "game" she had allegedly played with the defendant, we remanded the case for a further evidentiary hearing. We asked the trial court to determine "whether the state has demonstrated a compelling need for excluding the defendant from the witness room during the videotaping of [the] minor victim's testimony. In order to satisfy its burden of proving compelling need, the state must show that the minor victim would be so intimidated, or otherwise inhibited, by the physical presence of the defendant that the trustworthiness of the victim's testimony would be seriously called into question. Furthermore, the state bears the burden of proving such compelling need by clear and convincing evidence." *Jarzbek I,* supra, 704–705.

The trial court, after holding the required evidentiary hearing, found that "it is highly probable that if this child were called upon to testify, whether on videotape

or in court, in the presence of her father, she would be seriously traumatized and also that she would be so intimidated or otherwise inhibited by the physical presence of her father that the trustworthiness of her testimony would be seriously called into question." The court accordingly concluded that the state had met its burden of proof.

Since our decision in *Jarzbek I,* we have had the opportunity to address the relationship between that holding and the subsequent decision of the United States Supreme Court in *Coy* v. *Iowa,* 487 U.S. 1012, 108 S. Ct. 2798, 101 L. Ed. 2d 857 (1988). In three recent cases, we have concluded that there is no inconsistency between *Jarzbek* and *Coy.* See *State* v. *Spigarolo,* 210 Conn. 359, 556 A.2d 112 (1989); *State* v. *Snook,* 210 Conn. 244, 555 A.2d 390 (1989); *State* v. *Bonello,* 210 Conn. 51, 58–61, 554 A.2d 277 (1989). We therefore need not consider further the efforts of both parties to this appeal to have us modify the evidentiary standard enunciated in *Jarzbek I.*

The only issue that remains to be resolved is whether the trial court was correct in finding, as a matter of fact, that the state had satisfied its burden of proving a compelling need in accordance with the *Jarzbek* criteria. The principal witness in this regard was Dr. David Mantell, a clinical psychologist specializing in the area of child abuse and neglect, who testified both at the initial pretrial hearing and at the evidentiary hearing following our order of remand. His testimony was buttressed by that of the child's mother and aunt.

Mantell informed the trial court at the remand hearing that, in his professional opinion, the child in question would not have been able at trial, in August, 1985, to testify truthfully and reliably in a face-to-face encounter with the defendant. Mantell's opinion was based upon his personal examination of the child on

July 25, 1985. He had also personally interviewed the child's mother and a family friend at that time. In 1988, in preparation for the remand hearing, he had again interviewed the mother and the family friend and had, in addition, interviewed other family members, the child's guidance counselor, teachers, therapist, minister and pediatrician. He had also reviewed relevant documentation including the child's pediatric file, the police records pertaining to the investigation of the child's sexual abuse complaint, the reports of her examinations in 1984 and 1985 at the Yale Medical Pediatric Clinic, and the files of the family relations division of the Superior Court in Middletown and of the department of children and youth services.

Mantell provided the court with detailed reasons for his opinion about this child's ability to testify truthfully and reliably. The child told him that the defendant had said he would spank her if she told anybody about the "game" that they had played together. She feared that she might not see him again if she spoke about what had happened; she had in fact not seen him for the previous eight months. From his examination, Mantell inferred that the child was increasingly ashamed to talk about the "game" at all. She said that she could not talk about the "game" in the defendant's presence. Mantell thought she understood that her testimony would have been used against the defendant, and that that perception would have made it more difficult for her to testify candidly and completely. It was his view that the defendant's physical presence would have caused a major intensification of all her negative feelings of guilt, shame and betrayal. As a result, either she would not have been able to testify at all, or she would have produced unreliable testimony in the defendant's presence.[1]

---

[1] At the evidentiary hearing upon remand, the state did not recall Dr. Sidney Horowitz to the witness stand. Horowitz, a clinical psychologist with

Mantell's testimony was supported by the testimony of the child's mother. It was her opinion that the child would not have been able to have testified truthfully, reliably and completely in a face-to-face encounter with the defendant. In *State* v. *Spigarolo,* supra, 371–72, we recently upheld the admissibility of such lay testimony from a person with ample opportunity to observe the child during the time immediately preceding the defendant's trial. In this case the child's mother, who had cared for the child since her birth, told the court that, as the August trial date approached, she had noticed that the child was "very much afraid, very nervous, quite afraid of . . . reprisal" from the defendant. The child was afraid because the defendant had told her that if she told anyone about the "game," he would hurt her and her brother, he would go to jail, and she would never see him again. The child told her mother of her fear of telling people in court about what had happened "if he was there and he saw her." The child made her mother promise that the defendant would not be there, on the day of the trial, or she would not say anything.

Mantell's testimony found further support in the testimony of a child care worker who was also the child's maternal aunt. Much like the child's mother, this witness testified about the child's anxiety, her fear of the defendant and her fear that he would go to jail. She too expressed the view that the child would probably have been unable to testify accurately in front of the defendant, if indeed she would have been able to testify at all.

a specialty in child sexual abuse, had testified generally at the original hearing about his experience with other children of similar ages. *State* v. *Jarzbek,* 204 Conn. 683, 705–706, 529 A.2d 1245 (1987), cert. denied, 484 U.S. 1061, 108 S. Ct. 1017, 98 L. Ed. 2d 982 (1988) *(Jarzbek I).* Having never examined the child whose testimony was at issue in this case, he would have been unable to assist in the particularized findings of compelling need that this court asked the trial court to make.

In light of this evidence, we conclude that the trial court was not clearly erroneous in finding that the state had met its burden of proving, by clear and convincing evidence, that the minor child in this case could not have testified truthfully and reliably in the physical presence of the defendant. Since the state has thereby established a compelling need to have the child testify without a face-to-face confrontation with the defendant, the defendant's conviction must stand.

There is no error.

In this opinion the other justices concurred.

