[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION ON MOTION TO HAVE TESTIMONY OF CHILD ALLEGED VICTIMOF ABUSE TAKEN OUTSIDE THE COURTROOM
On May 23, 1994 the State of Connecticut acting pursuant to § 54-86(g)(a) of the General Statutes moved that testimony of an alleged victim of child abuse. . .a child whose date of birth is August 14, 1989 be taken in a room other than a courtroom and that such testimony be taken with the defendant "secluded" from said room. The State requested such seclusion based on its belief that the child would otherwise be so intimidated or otherwise inhibited by knowledge of the physical presence of the defendant that a compelling need exists to take the testimony outside the physical presence of the defendant in order to insure the reliability of said testimony. Defendant objects to such procedure citing his constitutional right of confrontation of witnesses under the U.S. Constitution, Amendments VI and XIV
and Conn. Constitution, Art. I, § 8.
On June 1 and 3, 1994, the court held an evidentiary hearing as mandated by State v. Jarzbek, 210 Conn. 396 (1989) and State v. Spigarola, 210 Conn. 359 (1989). During this hearing it heard testimony from Rene Vitale, a certified social worker who had been seeing the alleged victim professionally once or twice weekly since 1992; Sylvia Richard, a Family Relations Counselor employed by the State of Connecticut who had served as guardian ad litem for the child, and Dr. Sidney Horowitz, a Clinical Psychologist, specializing in child and adolescent adjustment to trauma and trauma resulting from child sexual abuse who has seen the alleged child victim in February and March of this year and performed a psychological evaluation.
After hearing extensive testimony, the court finds that the State has proven by clear and convincing evidence a compelling need for videotaping the alleged victim's testimony and excluding the defendant from the witness room during videotaping of the minor child alleged victim's testimony. The credible testimony elicited from Dr. Horowitz and Ms. Vitale is that the child would be so intimidated by the mere physical presence of the defendant father in the room with her at the time of any CT Page 6398 questioning as to make her testimony unreliable. The court finds, based on said testimony that the alleged child victim's ability to be truthful in her recitation of facts concerning her father's actions towards her would be hampered by the presence of her father and that therefore the trustworthiness of her testimony would be seriously called into question, if indeed she was able to testify at all in the presence of defendant.
Therefore the court finds a compelling need mindful of constitutional concerns to videotape testimony and to exclude the defendant from the room during videotaping testimony of his alleged victim, his soon to be five year old daughter, but will order that precaution be taken to preserve defendant's rights.
The following procedure is to be followed:
1. The testimony of the child shall be given in the absence of the defendant in a suitable room for children equipped with a one-way mirror located at Southern Connecticut State University in New Haven.
2. There will be no uniforms or robes worn by court personnel.
3. The only persons present in the room with the child who is testifying will be the Judge, the Assistant State's Attorney, one (1) defense counsel and one person who would contribute to the welfare and well-being of the child, that person not to be the child's mother.
4. The proceedings shall be videotaped from behind a one-way mirror. Lighting and auditory equipment in the witness room shall be as unobtrusive as consistent with clear, immediate sound transmission.
5. The witness room shall be monitored to send images and sound directly to a monitoring room where the defendant may be present and shall be able to see and hear the witness testify clearly. The defendant shall have complete privacy except that he may have co-counsel with him if there is a co-counsel.
6. The defendant shall be equipped to communicate with this attorney in the witness room immediately through an ear attachment or other similar communicating devise. CT Page 6399
7. The face of the witness shall be visible on both the videotape and monitors at all times while testifying to the extent possible.
8. At the commencement of the taping, the camera shall show a full view of the witness, judge, along with both counsel. When testimony begins, the camera shall remain on the witness' face approximating a bust shot to the extent possible.
9. A court stenographer or monitor may be present in the camera room if deemed necessary by either party.
10. Before the child is allowed to testify she shall be allowed to become acclimated to the witness room, its equipment and its environment.
11. The places and the times for the interrogation shall be subject to the approval of the court upon recommendations by the Assistant State's Attorney and defense counsel.
12. Any expenses incurred for this undertaking shall be borne by the State of Connecticut.
KULAWIZ, J.