[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION ON MOTION TO HAVE TESTIMONY OF CHILD ALLEGED VICTIMOF ABUSE TAKEN OUTSIDE THE COURTROOM
On November 16, 1994 the State of Connecticut acting pursuant to § 54-86(g)(a) of the General Statutes moved that testimony of an alleged victim of child abuse, a youngster of 11 years of age, be taken in a room other than a courtroom and that such testimony be taken with the defendant "secluded" from said room. The State requested such seclusion based on its belief that the child would otherwise be so intimidated or otherwise inhibited by knowledge of the physical presence of the defendant that a compelling need exists to take the testimony outside the CT Page 12594 physical presence of the defendant in order to insure the reliability of such testimony. Defendant did not raise objection to this procedure.
However, mindful of defendant's constitutional rights to confrontation of witnesses, the court held an evidentiary hearing on November 29, 1994 as mandated by State v. Jarzbek,210 Conn. 396 (1989) and State v. Spigarola, 210 Conn. 359
(1989). During this hearing testimony was taken from Dr. Sidney Horowitz, a clinical psychologist specializing in child and adolescent adjustment to trauma and trauma resulting from child sexual abuse, who had seen the child in question and reviewed his records; Ms. Tina Kane, a Psychotherapist at the childrens' unit of Elmcrest Hospital, a facility to which the child in question had been admitted; Ms. Wanda Gould, the child's foster mother and Ms. Patricia Hernandez, a social worker at the Department of Children and Families, who has been assigned as the child alleged victim's caseworker.
After hearing extensive testimony, the court finds that the state has proven by clear and convincing evidence a compelling need for videotaping the alleged victim's testimony and excluding the defendant from the witness room during videotaping of the child alleged victim's testimony. The credible testimony elicited from Dr. Horowitz and Ms. Kane is that the child would be so intimidated by the mere physical presence of defendant in the room with him at the time of any questioning as to make his testimony unreliable. Ms. Gould and Ms. Hernandez testified to the enormous fear that the child victim has of his father, the defendant. The court finds, based on said testimony that the child, alleged victim's ability to be truthful in his recitation of facts concerning his father, the defendant's, actions towards him, would be hampered by the presence of his father and that therefore the trustworthiness of his testimony would be seriously called into question, if indeed, he was able to testify at all in the presence of defendant.
Therefore, mindful of constitutional concerns, the court finds a compelling need to videotape the alleged victim's testimony and to exclude the defendant from the room during videotaping testimony of the alleged victim, his eleven year old son, but will order that precautions be taken to preserve defendant's rights.
The following procedure is to be followed: CT Page 12595
1. The testimony of the child shall be given in the absence of the defendant in a suitable room for children equipped with a one-way mirror located at Southern Connecticut State University in New Haven.
2. There will be no uniforms or robes worn by court personnel.
3. The only persons present in the room with the child who is testifying will be the Judge, the Assistant State's Attorney, one (1) defense counsel and one person who would contribute to the welfare and well-being of the child, that person not to be the child's mother.
4. The proceedings shall be videotaped from behind a one-way mirror. Lighting and auditory equipment in the witness room shall be as unobtrusive as consistent with clear, immediate sound transmission.
5. The witness room shall be monitored to send images and sound directly to a monitoring room where the defendant may be present and shall be able to see and hear the witness testify clearly. The defendant shall have complete privacy except that he may have co-counsel with him if there is a co-counsel.
6. The defendant shall be equipped to communicate with this attorney in the witness room immediately through an ear attachment or other similar communicating devise.
7. The face of the witness shall be visible on both the videotape and monitors at all times while testifying to the extent possible.
8. At the commencement of the taping, the camera shall show a full view of the witness, judge, along with both counsel. When testimony begins, the camera shall remain on the witness' face approximating a bust shot to the extent possible.
9. A court stenographer or monitor may be present in the camera room if deemed necessary by either party.
10. Before the child is allowed to testify she shall be allowed to become acclimated to the witness room, its equipment and its environment. CT Page 12596
11. The places and the times for the interrogation shall be subject to the approval of the court upon recommendations by the Assistant State's Attorney and defense counsel.
12. Any expenses incurred for this undertaking shall be borne by the State of Connecticut.
/s/ Kulawiz, J. KULAWIZ