******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FLYNN, J., dissenting. After a jury trial, the defendant was found not guilty of two counts of sexual assault in the first degree, in violation of General Statutes § 53a-70 (a) (2) and (a) (1), respectively, and not guilty as to one count of injury or risk of injury to, or impairing morals of a child, in violation of General Statutes § 53-21 (a) (2), which the information charged had resulted from contact with the intimate parts of a child. The defendant was convicted of two additional charges of risk of injury, in violation of § 53-21 (a) (1), alleging in each that "the defendant did an act likely to impair the health or morals of a child under sixteen," for which the charging documents did not allege specific facts identifying the acts constituting the violation.

Despite the generality of both the information and the judge's charge as to the conduct constituting risk of injury, it is clear from the prosecutor's summation to the jury that the state claimed that the defendant had violated § 53-21 (a) (1) by two separate acts of masturbation in front of the victim.

The issue to be decided on appeal is whether the defendant, Robert H., upon the evidence, could be convicted of one count of the crime of risk of injury to a child in violation of § 53-21 (a) (1),[1] which he does not contest on appeal, or two such counts based solely on his extrajudicial confession.

The defendant's brief framed the issue as follows: "Was there sufficient evidence for the defendant to be convicted of and sentenced for a second count of risk of injury, and to be sentenced for violation of probation based on two such counts?"[2] He specifically states that there was no independent evidence of commission of a second offense of risk of injury in violation of § 53-21 (a) (1), apart from his confession.[3]

While I respect the opinion of the majority in this matter, I dissent for some of the same reasons I gave in *State* v. *Leniart*, 166 Conn. App. 142, 228, 140 A.3d 1026 (2016) (*Flynn, J.*, dissenting in part, concurring in part, and concurring in the result). I concurred in part in *Leniart* because I agreed with the result reached and with the majority that there was sufficient independent evidence that the defendant intentionally caused the death of the victim, corroborating the extrajudicial confessions of the defendant, and thus by sufficient evidence establishing the necessary elements of the crime of murder in violation of General Statutes § 53-54a (a). Id., 231–32. I dissented in part because I did not agree that the corpus delicti rule was merely evidentiary in that murder case. I dissented, first, because that holding "was unnecessary" in a case where both the majority and I agreed that there was independent evi-

dence of the death of the victim, a necessary element of the crime of murder. Id., 232. My second reason for dissenting was that requiring such independent circumstantial evidence was sound where there was a scintilla of evidence, from people who knew the victim, that she had been seen alive after her disappearance. Id. Additionally, I noted that the *Leniart* majority seemed to give no weight to our Supreme Court's opinion in *State* v. *Hafford*, 252 Conn. 274, 317 n.23, 746 A.2d 150 (2000), that proving the trustworthiness of a defendant's confession to a crime resulting in injury or loss often will require evidence of that injury or loss,[4] and that conviction for a homicide would require some evidence of death. Id., 234–35. Finally, I expressed the opinion that where the corpus delicti rule was invoked in a challenge to evidentiary sufficiency, it is not simply a rule of evidence, but of a hybrid nature. It is a hybrid where independent corroboration establishing its trustworthiness is lacking because the due process clause of our federal constitution requires that all necessary elements of the crime charged be proved beyond a reasonable doubt. As such, it is like other evidentiary rules, in that it interplays with constitutional requirements.[5]

At least one commentator has observed that "[t]here is insufficient justification for treating the [corpus delicti] rule as one related to admissibility of [a] defendant's admissions. The requirement should be only one of evidence sufficiency . . .   [T]he rule should be one to be applied by . . . appellate courts . . . ." 1 C. McCormick, Evidence (7th Ed. 2013) § 148, p. 817.

Thus, in *Leniart*, I disagreed that a claim of evidentiary insufficiency of a conviction based on a confession made outside of court is not reviewable on appeal unless a defendant preserves the issue by objecting to the admission of his confession. I continue to hold the view that such a claim is reviewable based on our Supreme Court's decision in *State* v. *Adams*, 225 Conn. 270, 623 A.2d 42 (1993). There, our Supreme Court followed the ruling of the United States Supreme Court in *Jackson* v. *Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), in holding that "any defendant found guilty on the basis of insufficient evidence has been deprived of a constitutional right" and is entitled to review as it does with "any properly preserved claim." *State* v. *Adams*, supra, 276 n.3.

The majority here seems to premise its conclusion on the idea that if evidence is admitted without objection, there can be no challenge as to its sufficiency. I disagree. The failure to object to evidence does not end the matter. There can be a case, such as this, where there is no objection to evidence of an extrajudicial confession, but the defendant moves for acquittal as the defendant did, and when it is denied, appeals on the basis that no rational jury could have found the second count proved

beyond a reasonable doubt.[6] See *Jackson* v. *Virginia*, supra, 443 U.S. 307; *State* v. *Adams*, supra, 225 Conn. 270. Practice Book § 42-40 expressly provides that a defendant may do so as it states in relevant part: "After the close of the prosecution's case in chief or at the close of all the evidence, upon motion of the defendant or upon its own motion, the judicial authority shall order the entry of a judgment of acquittal as to any principal offense charged and as to any lesser included offense for which the evidence would not reasonably permit a finding of guilty." The question then is whether all of the evidence, whether objected to or not, given the most favorable inference that the law requires to sustain the verdict, permits a rational jury to find all of the elements proved beyond a reasonable doubt.

I, thus, conclude that the defendant's claims are reviewable, and that because the victim testified to the occurrence of but one incident of the defendant's performance of an act of risking injury to the victim and, therefore, corroborated only one such offense, the evidence was insufficient to permit a jury to reasonably and rationally convict the defendant of a second such offense.

The defendant's conduct in the commission of the one count of commission of an act of masturbation in the presence of the victim, which he does not contest on appeal, is reprehensible. However, that should not foreclose his ability to contest the evidentiary sufficiency of a second count of that crime. The United States Supreme Court has held that: "The constitutional necessity of proof beyond a reasonable doubt is not confined to those defendants who are morally blameless. . . . Under our system of criminal justice even a thief is entitled to complain that he has been unconstitutionally convicted and imprisoned as a burglar." (Citation omitted.) *Jackson* v. *Virginia*, supra, 443 U.S. 323–24. Furthermore, it is essential "of the due process guaranteed by the Fourteenth Amendment that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Id., 316. Moreover, "the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. . . . [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) Id., 318–19.

Here, the record is devoid of any evidence of the

occurrence of a second incident, where the defendant masturbated in front of the victim, other than the defendant's extrajudicial confession. Nothing in the record supports the trustworthiness of that confession's admission to a second incident. I therefore disagree with the majority that "there is substantial evidence tending to corroborate the trustworthiness of [that] statement . . . ." The majority notes that "critical portions of the defendant's statements . . . were fully corroborated by [the victim's] detailed trial testimony." Respectfully, I not only disagree that the defendant's extrajudicial confession to a second offense was fully corroborated; I disagree that it was corroborated at all. The victim did not expressly testify to another instance of the defendant masturbating in front of her. The victim was asked if she recalled "anything unusual happening" between her and the defendant, to which she testified that she did. She was then asked whether "it happen[ed] on one occasion or more than one occasion," and she responded that it happened on "[m]ore than one" occasion. The victim's response of "more than one" followed the query of whether "anything unusual" had happened between her and the defendant; however, the prosecutor never specified what "unusual" conduct to which he was referring. Additionally, when the victim later was asked what happened between her and the defendant, she responded by asking: "Let me understand, like both of them, or just one?" When she was then prompted to "start with one," she testified to an occasion when the defendant masturbated in front of her. The victim was then asked whether "anything similar to that happened" and although she responded by saying yes, she responded "no" to the follow up question "where he did in your room another time?" The victim went on to testify about other facts relating to the charges of sexual assault for which the jury found the defendant not guilty,[7] but did not testify to a second occurrence of the defendant masturbating in her presence. A confession to be reliable cannot be self-corroborating. When the state charged the defendant in each separate count of violation of § 53-21 (a) (1) that the defendant "did an act," it took on the burden of proving beyond a reasonable doubt that two such "acts" of self-abuse in the child's presence had occurred, not just one. I would hold that an extrajudicial confession to a second incident of indecent conduct toward a minor, unsupported by any corroborative evidence of injury, or risk of injury, to the victim, and where the minor victim in the case testifies only to the happening of *one* such incident, is not sufficient to permit a rational fact finder to find a second conviction for the same criminal offense of risk of injury beyond a reasonable doubt.[8] I would reverse the defendant's conviction as to the second count of risk of injury for the reason that the evidence would not reasonably permit a finding of guilty, and remand with direction to grant the defendant's motion for acquittal as to that count.

Accordingly, I respectfully dissent.

[1] General Statutes § 53-21 (a) provides in relevant part: "Any person who (1) wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered, the health of such child is likely to be injured or the morals of such child are likely to be impaired, or does any act likely to impair the health or morals of any such child . . . shall be guilty of . . . a class C felony . . . ."

[2] On appeal, the defendant does not challenge the admissibility of his confession, but only whether it could suffice to be the only evidentiary basis on which his conviction rested.

[3] The defendant's confession was made without an attorney present following a four hour long interrogation. Moreover, the police indicated to the defendant that they had certain physical evidence, which they did not in fact have. That was a deception.

[4] The majority reads *Hafford*'s terms "injury or loss" more narrowly than I. The loss is the conduct that the statute proscribes. In this case it is "[doing] any act likely to impair the health or morals of any . . . child [under sixteen] . . . ." General Statutes § 53-21 (a) (1). This is consistent with our Supreme Court's reasoning in *State* v. *Arnold*, 201 Conn. 276, 287, 514 A.2d 330 (1986), that the purpose of prohibiting convictions based on a defendant's uncorroborated confession is "to protect against conviction of offenses that have not, in fact, occurred, in other words, to prevent errors in convictions based solely upon untrue confessions to nonexistent crimes."

[5] See, for example, the sixth amendment to the United States constitution, which provides the right of confrontation and the right to cross examine. U.S. Const., amend. VI ("[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him"). That constitutional requirement informs the law of evidence with respect to the rule regarding admission of hearsay and its exceptions.

[6] I did not in *Leniart*, nor do I in this appeal, opine that admissibility of the confession can be contested for the first time on appeal. The defendant does not do so either.

[7] The defendant was also found not guilty on a third count of risk of injury regarding "the defendant [having] contact with the intimate parts of a child under sixteen years of age . . . in a sexual and indecent manner likely to impair the health and morals of such child."

[8] The victim, a child aged ten or eleven when this second alleged incident occurred, was able to personally testify in court, at thirteen years old, in the presence of the accused and did not need to offer videotaped testimony outside the defendant's presence as permitted by *State* v. *Jarzbek*, 210 Conn. 396, 554 A.2d 1094 (1989).